# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (this "Agreement") is made and entered into this 17th day of May, 2016 (the "Effective Date"), between WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT ("EasyBit") and DEDRIC DUNCAN ("Duncan"). (EasyBit and Duncan are sometimes collectively referred to as the "parties" or individually as a "party").

### WITNESSETH:

WHEREAS, on or about February 17, 2016, EasyBit filed a Complaint against Duncan captioned *Wah Sing (US) Trading Limited, LLC v. Duncan*, Case Number 1:16-cv-00504-SCJ, United States District Court for the Northern District of Georgia (hereinafter, the "Action"), asserting claims for, among other things, Duncan's alleged violation of the non-compete covenant (the "Non-Compete Covenant") in his employment agreement with EasyBit (the "Employment Agreement") (a true and correct copy of the Employment Agreement is attached hereto as Exhibit "A") which Duncan denies executing;

WHEREAS, on or about February 29, 2016, the Court entered a Consent Order in the Action which, among other things, temporarily enjoined Duncan from breaching or continuing to breach the Non-Compete Covenant pending further Order of the Court (a true and correct copy of the Consent Order is attached hereto as Exhibit "B");

WHEREAS, on or about March 18, 2016, Duncan filed his Answer, Defenses and Counterclaim in the Action; and

WHEREAS, in order to avoid the time, expense, and inconvenience of continuing to litigate, and without admitting the validity of either parties' position, EasyBit and Duncan have

agreed to fully and finally resolve the Action in accordance with the terms and conditions of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth below, as well as for other good and valuable consideration, the receipt, sufficiency, and payment of which are hereby acknowledged, the parties agree as follows:

1.      **Recitals**: The parties acknowledge and agree that the recitals set forth above are true and correct and shall be included herein as part of this Agreement.

2.      **No Admission of Liability**:  It is distinctly understood and agreed to by the parties that any payments, agreements or other consideration being exchanged herein are being made or exchanged for the sole purpose of effectuating a cost effective compromise and settlement of the Action, and in making or accepting these payments, agreements or other consideration, the parties have not admitted, nor do they now admit, any liability whatsoever for any loss or damages claimed to have been sustained by the other party or that the value of any loss is the amount settled for herein. The parties expressly deny that they are liable to the other in any respect or for any amount whatsoever.

3.      **Payment to EasyBit**: Duncan shall pay to EasyBit the total sum of Forty-Five Thousand Dollars ($45,000.00) (the "Settlement Payment") in forty-five (45) equal installments (an "Installment" or the "Installments") of One Thousand Dollars ($1,000.00). The Installments shall be made in U.S. dollars by wire transfer to: Fidelity Bank, routing no: 101205681 is routing number, account number: 3990000065761342. The first Installment shall be made within five (5) business days of full execution of this Agreement, and the remaining Installments shall be made on or before the first business day of each successive month beginning in June 2016 (i.e., the second Installment must be made on or before Wednesday, June 1, 2016, the third Installment

must be made on or before Friday, July 1, 2016, etc.) until Monday, December 2, 2019. Each of the Installments shall be made by the prescribed date, time being of the essence as to those dates and specific Installments.

Nothing in this Agreement shall preclude Duncan from making pre-payments or advance payments of the entire Settlement Payment or any of the Installments. However, at no point may any Installment be for less than One Thousand Dollars ($1,000.00) unless to pay the full remaining balance of the Settlement Payment.

4. **Dismissal With Prejudice**: Within three (3) business days of EasyBit's receipt of the First Installment, the parties shall cause to be filed in the Action, in the form attached hereto as Exhibit "C," a Stipulation of Dismissal with Prejudice which shall include a provision that the Consent Order is no longer in force (the "Dismissal") whereby the parties will dismiss with prejudice their respective claims and counterclaims in the Action. The Consent Order shall remain in place until the Dismissal is filed in the Action, at which time it shall be of no further force. Each party shall bear its own attorneys' fees, costs, and expenses in connection with the Action.

5. **Use of the Name "EasyBit"**: Duncan, for himself or on behalf of or in association with any other person or entity, shall not, directly or indirectly, oppose, contest, or otherwise interfere with any effort by EasyBit to obtain federal or state registration of the name "EasyBit," or seek to use or register the name "EasyBit" or any derivation thereof.

6. **EasyBit Alabama, LLC**: Duncan shall retain ownership of EasyBit Alabama, LLC, of which he is the sole member, but by June 1, 2016, Duncan shall either file for a dissolution of EasyBit Alabama, LLC or change the corporate name so it no longer includes "EasyBit," "Easy Bit," or the word "Easy." Within five (5) business days of full execution of this

Agreement, Duncan shall identify for EasyBit, in writing, any contracts entered into by Easy Bit Alabama for the placement or installation of a Bitcoin ATM outside of the States of Alabama and Louisiana, and by June 1, 2016, Duncan will execute and deliver assignments of those contracts from EasyBit Alabama, LLC to an entity of EasyBit's choosing.

7.    <u>The Non-Compete Covenant</u>: Duncan acknowledges and agrees that the Non-Compete Covenant is valid and enforceable, including under the laws of Alabama and Georgia. Duncan, for himself or on behalf of or in association with any other person or entity, shall not, directly or indirectly, violate the Non-Compete Covenant, which runs until February 5, 2017, except that the States of Alabama and Louisiana are hereby excluded from the Non-Compete Covenant.

8.    <u>Notification to Law Enforcement Agencies</u>: Within three (3) business days of EasyBit's receipt of the first Installment, EasyBit shall notify any law enforcement agency with which it has filed charges against Duncan that the parties have reached a private settlement of this matter and that EasyBit is no longer interested in pursuing charges.

9.    <u>Event of Default</u>:    Each of the following shall result in an "Event of Default" by Duncan:

a.    The failure by Duncan to pay any Installment required by this Agreement in full when due that is not cured within seven (7) calendar days after written notice (including notice by email to Duncan's email address listed below with a copy to Duncan's counsel); or

b.    The failure by Duncan to comply with the terms of Paragraphs 5, 6, or 7 above that is not cured (if a cure is possible) within seven (7) calendar days after written notice (including notice by email to Duncan's email address listed below with a copy to Duncan's counsel).

10.     **Remedy Upon Event of Default**:   Upon an Event of Default, Duncan shall immediately owe and be liable to EasyBit for the total sum of $100,000.00 (which is substantially less than the amount of damages that EasyBit seeks to recover in the Action) minus whatever portion of the Settlement Payment Duncan has paid up to the date of the Event of Default (the "Remaining Balance"). Upon his execution of this Agreement, Duncan shall also execute a Consent Judgment, in the form attached hereto as Exhibit "D," which entitles EasyBit, upon an Event of Default, to a judgment against Duncan for the Remaining Balance, plus its attorneys' fees and costs to have the Consent Judgment filed and entered. The Consent Judgment shall be enforced in the United States District Court for the Northern District of Georgia.

11.     **General Release of EasyBit by Duncan**: Duncan, on behalf of himself and his current and former businesses, including EasyBit Alabama, LLC, employees, representatives, agents, attorneys, insurers, and assigns (collectively, the "Duncan Releasors"), hereby releases, remises, acquits, satisfies and forever discharges EasyBit and its current and former owners, including Michael Dupree, Jr., directors, officers, representatives, employees, agents, attorneys, insurers, and assigns, from and for any and all causes of action, suits, debts, dues, damages, including compensatory and punitive, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, claims and demands, of whatever kind or nature, in law or in equity, that Duncan or any of the other Duncan Releasors has or may have, from the beginning of time to the Effective Date of this Agreement, including all counterclaims that could have been alleged in the Action or that arise under, are based on, or relate to the Employment Agreement.

12.     **General Release of Duncan by EasyBit**: EasyBit, on behalf of itself and its current and former owners, including Michael Dupree, Jr., directors, officers, representatives,

employees, agents, attorneys, insurers, and assigns (collectively, the "EasyBit Releasors") hereby releases, remises, acquits, satisfies and forever discharges Duncan and his current and former businesses, including EasyBit Alabama, LLC, employees, representatives, agents, attorneys (including but not limited to Blake Liveoak), insurers, and assigns from and for any and all causes of action, suits, debts, dues, damages, including compensatory and punitive, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, claims and demands, of whatever kind or nature, in law or in equity, that EasyBit or any of the EasyBit Releasors has or may have, from the beginning of time to the Effective Date of this Agreement, including all claims that could have been alleged in the Action or that arise under, are based on, or relate to the Employment Agreement.

13.     **No Assignment of Released Claims**: The parties represent and warrant that they have not assigned, sold, or otherwise transferred any of the claims released above to any other person or entity, and agree to indemnify and hold harmless the other party and any other adversely affected releasees for any breach of this representation and warranty.

14.     **Notice**: Any notices required or permitted hereunder shall be made by email and/or U.S. Mail to the addressee.

(a)     **If to EasyBit**:

Michael Dupree, Jr.
113 cherry street #31915
Seattle, WA 98104michael@easybitllc.com

With a copy to:

Michael Eric Ross
Eric S. Fisher
Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
MRoss@taylorenglish.com
EFisher@taylorenglish.com

    (b)    **If to Duncan**:

Dedric Duncan
2412 Second Avenue, N
Apt. 5
Birmingham, Al 35203
dedricisduncan@gmail.com

With a copy to:
Michael J. Lober
3150 Overland Drive
Roswell, GA 30075
mjlober@lddlawyers.com

15.    **Representation by Counsel**: The parties represent and warrant that they have each had the opportunity to seek, and have sought, the representation and guidance of legal counsel of their own choosing in connection with the preparation and execution of this Agreement. The parties further represent and warrant that they have each reviewed and fully understand the terms and conditions set forth in this Agreement, including its releases, and the implications, whether legal, personal, business, financial or otherwise, of entering into this Agreement.

16.    **Voluntary Execution**: The parties represent and warrant that they have not been unduly influenced or coerced, in any manner or to any extent, to execute this Agreement by any representation or statement of any other party to this Agreement, and execute this Agreement of their own free will and volition and suffer from no legal disability that would, in any way, prevent them from fully understanding and executing this Agreement.

17.    **Course of Dealing**: No course of dealing, whether past, present or future, shall be effective to amend, modify or otherwise change, in any way or respect, any provision of this Agreement.

18.     **Modifications:**   This Agreement may not be modified, waived, altered or otherwise changed, in any way or respect, except by a written instrument that is signed by the parties.

19.     **Waiver:**   The failure to exercise or delay in exercising on the part of either party to this Agreement of any right granted to it herein or any other documents executed pursuant hereto shall not operate as a waiver thereof, nor shall any single or partial exercise of any rights under this Agreement limit any further exercise of any right.

20.     **Attorneys' Fees:**   The parties agree to bear their own attorneys' fees, costs, and expenses in connection with the preparation, execution, and delivery of this Agreement.

21.     **Integration:**   This Agreement (including the Employment Agreement, as modified by Paragraph 7) contains the entire agreement and understanding between the parties concerning the subject matter hereof. This Agreement supersedes and replaces all prior negotiations, proposed agreements, agreements (oral and written), concerning the matters raised herein and may not be contradicted by evidence of prior oral or written, contemporaneous or subsequent agreements between the parties. The parties warrant and represent that there are no oral agreements between them.

22.     **Severability:**   If any provision of this Agreement, or the application of such provision to any person, entity or circumstance, shall be held invalid, the remainder of this Agreement, or the application of such provision to persons, entities or circumstances other than those as to which it is held invalid, shall not be affected thereby and shall remain in full force and effect.

23.     **Choice of Law:**   This Agreement shall be interpreted, enforced and governed by the laws of the State of Georgia. In the event that any litigation related to or arising from, under

or connection with this Agreement is commenced, including to enforce the Consent Judgment, the parties agree that venue will lie exclusively in the United States District Court for the Northern District of Georgia or, if necessary, the Superior Court of Fulton County, Georgia, and the parties waive any objection to personal jurisdiction or to venue in these courts for any such action. In addition, the prevailing party shall be entitled to recover its or his attorneys' fees, costs, and other expenses incurred in connection with any such action.

24.  **Drafting**:  It is the intent of the parties that this Agreement be deemed to have been drafted jointly by the parties. No inferences shall be drawn against any party as having drafted this Agreement.

25.  **Captions**:  Any and all paragraphs, titles or captions herein are designated for convenience only and shall in no way define, limit or extend the scope of this Agreement.

26.  **Full Cooperation**:  The parties agree to cooperate fully with each other and execute and any and all documents and take any and all additional actions that are reasonably necessary to give full force and effect to this Agreement.

27.  **Execution in Counterparts**:  This Agreement may be executed in counterparts that may be exchanged by email or fax, which, when taken together, shall be deemed as one and the same document.

28.  **Confidentiality**:  The parties agree to keep this Agreement strictly confidential except (i) as may be required by law, (ii) to enforce this Agreement, or (iii) to each party's tax, accounting, or legal professionals.

29.  **Non-Disparagement**: The parties and Michael Dupree shall refrain from making any written or oral statement or taking any action, directly or indirectly, which it or he knows or reasonably should know to be disparaging or negative concerning the opposing party. The parties

shall also refrain from urging or influencing any person to make any written or oral statements which it or he knows or reasonably should know to be disparaging or negative concerning the opposing party. Nothing in this Paragraph, however, shall prohibit the parties from providing truthful information under compulsion of law.

Entered into as of the Effective Date.

DEDRIC DUNCAN

Date: 05-16-2016

WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT

By: Michael Dupree, Jr.

Date: _____

shall also refrain from urging or influencing any person to make any written or oral statements which it or he knows or reasonably should know to be disparaging or negative concerning the opposing party. Nothing in this Paragraph, however, shall prohibit the parties from providing truthful information under compulsion of law.

Entered into as of the Effective Date.

DEDRIC DUNCAN

_____

Date: _____

WAH SING (US) TRADING LIMITED, LLC
D/B/A EASYBIT

By: Michael Dupree, Jr.

Date: 5/17/16

10

EXHIBIT "A" TO AGREEMENT

(EMPLOYMENT AGREEMENT, ATTACHED HERETO)

Date: April 3, 2015

Dedric Duncan

Dear Dedric:

It is my pleasure to extend the following offer of employment to you (herein after referred to as the "Executive") on behalf of Wah Sing, USA (herein after referred to as the "Company").

**Title:** Chief Executive Officer, Wah Sing, USA

**Reporting Relationship:** The position will report to:
Michael J. Dupree, Jr.; Chairman, Wah Sing, USA.

**Job Description:** Provide leadership to position the Company at the forefront of the industry. Develop a strategic plan to advance the company's mission and objectives and to promote revenue, profitability and growth as an organization. Oversee company operations to insure production efficiency, quality, service, and provide cost effective management of resources. Key responsibility as CEO is managing the set up, operation, and positive cash flow from bitcoin ATM's, and bitcoin product services, nationally.

**Signing Bonus:** $5,000 upon acceptance of this position.

Equity: 10% ownership in Wah Sing, USA after completing one year of employment.

By executing this agreement you agree to be bound by the following Non-Compete Agreement globally: ~~1 year, DD~~
    The employee specifically agrees that for a period of ~~2 years~~ after the Employee is no longer employed by the Company, the employee will not

engage, directly, or indirectly, either as proprietor, stockholder, partner, officer, Owner, employee or otherwise, in the same or similar activities as were performed for the Company in any business which distributes or sells products or provides services similar to those distributed sold or provided by the Company at any time during the period of your employment with the Company.

**Equity Compensation:** In consideration for the value the Executive brings to the Company, the Executive will be vested with 10% equity ownership in Wah Sing *set* after one year of employment. *Additional Compensation and/or Salary will be agreed upon once the Company achieve profitability by both parties*

**Termination:** Both the Company and Executive intend for Employee to have a long and successful tenure with the Company and to succeed as soon as possible to place the Company in the # 1 position in the bitcoin ATM space nationally. In the unforeseen event that the Employee leaves the employment of the Company he will be entitled to his equity position when vested. If the Executive is let go by the company for any reason he will be entitled to his equity position when vested. However, if Executive is let go for cause (fraud, theft, threats, violence, lying, etc.) he will relinquish any rights obtained under this agreement

Start Date: _*2/5/17*_ ... ...

Your employment with Wah Sing, USA is at-will and either party can terminate the relationship at any time with or without cause provided ~~the Executive provides the Company with~~ two weeks notice. *is' given by the party seeking to terminate the relationship.*

You acknowledge that this offer letter represents the entire agreement between you and Wah Sing, USA, and that no verbal or written agreements, promises or representations that are not specifically stated in this offer, are or will be binding upon Wah Sing

If you are in agreement with the above please sign below. This offer is in effect for upon signatures of both parties.

Signatures:

For the Company: Michael J. Dupree, Jr.; Chairman

Date: April . 2015

Executive: Dedric        . CEO

Date: April . 2015

EXHIBIT "B" TO AGREEMENT

(CONSENT ORDER, ATTACHED HERETO)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 1:16-cv-0504 |
| DEDRIC DUNCAN, | ) ) ) | |
| Defendant. | ) | |

## CONSENT ORDER

In Plaintiff's Motion for Temporary Restraining Order (the "TRO Motion") (Dkt. 3), Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a EasyBit ("Plaintiff") seeks a temporary restraining order prohibiting Defendant Dedric Duncan ("Defendant") from directly or indirectly violating or further violating the Non-Compete Covenant, as defined in Plaintiff's Verified Complaint for Injunctive Relief and Damages (the "Verified Complaint") (Dkt. 1), and from directly or indirectly interfering with Plaintiff's contractual and business relationships. Subject to and without waiver of his defenses, Defendant consents to this Consent Order for a period of 45 days or until this Honorable Court's first available setting once the 45 day agreed upon period has elapsed to avoid the time and expense of a hearing on the TRO Motion.

Having considered the facts and argument presented in the Verified Complaint and in the Memorandum of Law in Support of Plaintiff's Motion for Temporary Restraining Order (Dkt. 3-1), and with Defendant's foregoing consent,

IT IS THEREFORE ORDERED that, until further Order of the Court, Defendant Dedric Duncan is enjoined from:

- directly or indirectly violating or further violating the Non-Compete Covenant; and

- directly or indirectly interfering with Plaintiff's contractual and business relationships.

IT IS FURTHER ORDERED that a preliminary injunction hearing in this matter is set for __April 21, 2016__ at __10:00__ A.M./P.XMX in Courtroom 1907, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia.

SO ORDERED this 29th day of __February__, 2016.


                          _s/Steve C. Jones_____

                          Judge, United States District Court for the
                          Northern District of Georgia

*Prepared and Presented By:*

**TAYLOR ENGLISH DUMA LLP**

*/s/Michael Eric Ross*
Michael Eric Ross
GA Bar No. 615190
Eric S. Fisher
GA Bar No. 250428
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
mross@taylorenglish.com
efisher@taylorenglish.com

*Counsel for Plaintiff Wah Sing (US)
Trading Limited, LLC d/b/a EasyBit*

*Consented to By Defendant:*

EXHIBIT **"C"** TO AGREEMENT

(STIPULATION OF DISMISSAL WITH PREJUDICE, ATTACHED HERETO)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WAH SING (US) TRADING
LIMITED, LLC D/B/A EASYBIT,

    Plaintiff,

DEDRIC DUNCAN,

    Defendant.

)
)
)
)
)
)
)
)
)

Civil Action
No. 1:16-cv-0504-SCJ

## STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Wah Sing (US) Trading Limited, LLC and Defendant Dedric Duncan, pursuant to Fed. R. Civ. P. Rule 41(a)(1)(A)(ii), hereby stipulate that all of the claims, defenses, and counterclaims that were, or could have been, asserted by the parties in the above-captioned matter are voluntarily dismissed in their entirety, with prejudice, with each party to bear its or his own costs and fees.

Respectfully submitted, this __ day of _____, 2016.

                    */s/ Eric S. Fisher*
                    Michael Eric Ross
                    GA Bar No. 615190
                    Eric S. Fisher
                    GA Bar No. 250428
                    Taylor English Duma, LLP
                    1600 Parkwood Circle, Suite 400
                    Atlanta, GA 30339
                    Telephone: (770) 434-6868
                    Facsimile: (770) 434-7376
                    mross@taylorenglish.com

efisher@taylorenglish.com

*Counsel for Plaintiff Wah Sing (US)*
*Trading Limited, LLC d/b/a EasyBit*

**LOBER, DOBSON & DESAI, LLC**

*/s/ Michael Jordan Lober*
Michael Jordan Lober
GA Bar No. 455580
3410 Overland Drive
Roswell, GA 30075
Telephone: (678) 461-9800
Facsimile: (678) 461-9944
mjlober@lddlawyers.com

*Counsel for Defendant Dedric Duncan*

2

## LOCAL RULE 7.1D CERTIFICATION

I hereby certify that the foregoing complies with the font and point requirements of LR 5.1, to wit, this brief was prepared in Times New Roman font, 14-point type.

TAYLOR ENGLISH DUMA LLP

/s/ Eric S. Fisher
Eric S. Fisher
GA Bar No. 250428

*Counsel for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing *STIPULATION OF DISMISSAL WITH PREJUDICE* with the Clerk of Court using the CM/ECF system, which will effectuate service of same upon the following attorneys of record:

> Michael Jordan Lober
> Lober, Dobson & Desai, LLC
> 3410 Overland Drive
> Roswell, GA 30075
> Telephone: 678-461-9800
> Facsimile: 678-461-9944
> mjlober@lddlawyers.com
>
> *Counsel for Defendant*

This ___ day of _____, 2016,

> /s/Eric S. Fisher
> Eric S. Fisher
> GA Bar No. 250428
>
> *Counsel for Plaintiff*

EXHIBIT "D" TO AGREEMENT

(CONSENT JUDGMENT, ATTACHED HERETO)

{00729981.DOC / }

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WAH SING (US) TRADING<br>LIMITED, LLC D/B/A EASYBIT, )<br>)<br>)<br>Plaintiff, )<br>)<br>DEDRIC DUNCAN, )<br>)<br>Defendant. ) | Civil Action<br>No. |

## FINAL CONSENT ORDER AND JUDGMENT

This matter is before the Court pursuant to the Complaint filed by Plaintiff

Wah Sing (US) Trading Limited, LLC ("Plaintiff") on _____. This

action is related to an action between the same parties, Civil Action No. 1:16-cv-

0504-SCJ, which was settled in or about May 2016. Based on the consent of

Plaintiff and of Defendant Dedric Duncan ("Defendant"), and authorized below by

Defendant's signature, the Court finds as follows:

1) This Court has jurisdiction over this matter;

2) This Court has jurisdiction over Defendant;

3) Venue is proper in this Court;

4) Defendant consents that he is liable to Plaintiff in the total principal

   amount of $_____ (which is the equivalent of the

agreed upon sum of One Hundred Thousand Dollars ($100,000), less any payments made pursuant to the parties Confidential Settlement Agreement and Release prior to an Event of Default).

5)   Defendant consents that he is also liable to Plaintiff for the costs of collection, including reasonable attorneys' fees, associated with exercise of Plaintiff's Remedy upon Default, in the total amount of $_____.

Based on these findings, it is hereby ORDERED AND ADJUDGED that Plaintiff will have judgment against Defendant in the total amount of $_____. Post-judgment interest in the amount provided by the applicable law is to run on the principal balance until paid in full.

IT IS SO ORDERED, THIS __ DAY OF _____, 201__.


_____
Judge, United States District Court for
The Northern District of Georgia

AUTHORIZED BY:

**DEDRIC DUNCAN**

CONSENTED TO AS TO FORM BY:

/s/Eric S. Fisher
Michael Eric Ross
GA Bar No. 615190
Eric S. Fisher
GA Bar No. 250428
Taylor English Duma, LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
mross@taylorenglish.com
efisher@taylorenglish.com

Counsel for Plaintiff Wah Sing (US)
Trading Limited, LLC d/b/a EasyBit

**LOBER, DOBSON & DESAI, LLC**

/s/Michael Jordan Lober
Michael Jordan Lober
GA Bar No. 455580
3410 Overland Drive
Roswell, GA 30075

AUTHORIZED BY:

**DEDRIC DUNCAN**

_____

CONSENTED TO AS TO FORM BY:

_/s/Eric S. Fisher_____
Michael Eric Ross
GA Bar No. 615190
Eric S. Fisher
GA Bar No. 250428
Taylor English Duma, LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
mross@taylorenglish.com
efisher@taylorenglish.com

_Counsel for Plaintiff Wah Sing (US)_
_Trading Limited, LLC d/b/a EasyBit_

**LOBER, DOBSON & DESAI, LLC**

_/s/Michael Jordan Lober_____
Michael Jordan Lober
GA Bar No. 455580
3410 Overland Drive
Roswell, GA 30075

Telephone: (678) 461-9800
Facsimile: (678) 461-9944
mjlober@lddlawyers.com

*Counsel for Defendant Dedric Duncan*