# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| DEDRIC DUNCAN, | ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF MICHAEL J. DUPREE, JR.

1. My name is Michael J. Dupree, Jr. I am over the age of eighteen (18) and competent to give this Declaration. It is based on my personal knowledge and review of certain business records of Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a EasyBit ("Plaintiff" or "EasyBit"). This Declaration is given for use in support of Plaintiff's Complaint in the above-styled action, and for all other purposes permitted by law.

2. I am the founder and Chairman of EasyBit.

3. Easybit and Defendant Dedric Duncan ("Duncan") entered into the Confidential Settlement Agreement and Release (the "Settlement Agreement") on or about May 17, 2016.

1

4.   The Settlement Agreement requires Duncan to "pay to EasyBit the total sum of Forty-Five Thousand Dollars ($45,000.00) (the "Settlement Payment") in forty-five (45) equal installments (an "Installment" or the "Installments") of One Thousand Dollars ($1,000.00)." (Settlement Agreement, § 3). After the initial Installment, "the remaining Installments shall be made on or before the first business day of each successive month beginning in June 2016 (i.e., the second Installment must be made on or before Wednesday, June 1, 2016, the third Installment must be made on or before Friday, July 1, 2016, etc.) until Monday, December 2, 2019." (*Id.*).

5.   An "Event of Default" occurs under the Settlement Agreement upon "[t]he failure of Duncan to pay any Installment required by this Agreement in full when due that is not cured within seven (7) calendar days after written notice (including notice by email to Duncan's email address listed below with a copy to Duncan's counsel)." (*Id.* at § 9(a)).

6.   Duncan paid the first four Installments in a timely manner, but thereafter has repeatedly failed to do so. For example, Duncan delayed until: (i) September 7, 2016 to pay his September 1, 2016 Installment; (ii) October 6, 2016 to pay his October 1, 2016 Installment; (iii) November 7, 2016 to pay his

November 1, 2016 Installment; (iv) December 8, 2016 to pay his December 1, 2016 Installment, and; (v) January 13, 2017 to pay his January 1, 2017 Installment.

7. Fed up with this serial delinquency, when Duncan failed to pay the next Installment by February 1, 2017, on behalf of Easybit, I sent a written notice of default to Duncan on February 8, 2017 pursuant to Sections 9(a) of the Settlement Agreement. Par for the course, Duncan waited the entire 7-day cure period before paying the February 1 Installment on February 15.

8. Duncan's games continued. He forced me to send written notices of default for the Installments that were due by March 1, 2017 and April 1, 2017 as well, and made these payments on the very last day of the respective cure periods.

9. The jig ran out for Duncan when he also missed the deadline for the May 1, 2017 Installment. After not receiving this payment during business hours on May 1, 2017, I sent him a written notice of default (the "May 1 Notice of Default") on behalf of Easybit. (A true and correct copy of the May 1 Notice of Default is attached hereto as Attachment 1).

10. The May 1 Notice of Default complied with the notice requirements in the Settlement Agreement. Moreover, Duncan's attorney, Blake Liveoak, acknowledged receipt of the May 1 Notice of Default approximately two (2) hours after it was sent to Duncan. (A true and correct copy of Liveoak's acknowledgement is attached hereto as Attachment 2).

11. The 7-day cure period set forth in the Settlement Agreement expired on May 8, 2017, or, since I sent the May 1 Notice of Default after business hours, at the latest on May 9. Either way, an Event of Default occurred because Duncan failed to pay the May 1 Installment by the close of business on May 9, 2017.

12. Duncan has paid Thirteen Thousand Dollars ($13,000) to Easybit under the Settlement Agreement. In addition to the twelve payments he made between May 2016 and April 2017, Duncan also wired an Installment to Easybit on May 11, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May, 12, 2017

_____
Michael J. Dupree, Jr.

# ATTACHMENT 1

MICHAEL DUPREE JR
248-935-4147
Michael@easybitllc.com

May 1, 2017

VIA E-MAIL

Dedric Duncan
2412 Second Avenue, N
Apt. 5
Birmingham, AL 35203
dedricisduncan@gmail.com

Re: Notice of Default of Confidential Settlement Agreement and Release

Dear Mr. Duncan:

Under Paragraph 3 of the Confidential Settlement Agreement and Release of May 17, 2016 (the "Settlement Agreement") between you and Wah Sing (US) Trading LLC d/b/a EasyBit ("EasyBit"), you were required to make payments on or before the 1st of each month in the amount of $1000. You have failed to comply with this obligation.

Pursuant to Paragraph 9 of the Settlement Agreement, we therefore hereby provide you with written notice of these defaults on behalf of EasyBit. Failure to fully cure these defaults within seven (7) calendar days of this Notice will constitute an Event of Default and entitle EasyBit to enforce the remedy set forth in Paragraph 10 of the Settlement Agreement, as well as any other rights or remedies available to it for this material breach of the Settlement Agreement.

Dedric Duncan
Page 2

       Please govern yourself accordingly.

                                                                                   Sincerely,

                                                                                  Michael Dupree

cc:    Michael J. Lober
3150 Overland Drive
Roswell, GA 30075
       mjlober@lddlawyers.com

       Eric S. Fisher

# ATTACHMENT 2



Michael Dupree <michael@ultrapresence.net>

# Dedric Duncan

**Blake Liveoak** <bliveoaklaw@gmail.com>
To: michael@easybitatm.com

Mon, May 1, 2017 at 4:14 PM

Michael

In the future, please forward all correspondence as well as any documents that are filed with the Court in regards to the settlement with Dedric Duncan to me. I appreciate your attention to this matter and have a good day.

T Blake Liveoak